UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ADAMS,

    Plaintiff,                                       Case No. 25-12185

v.                                                  Honorable Nancy G. Edmunds

STATE OF MICHIGAN, *et al.*,

    Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

The matter is before the Court on its own review of Plaintiff Mark Adams' pro se complaint. (ECF No. 1.) Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS the request to proceed IFP and DISMISSES this case.

**I.    Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff has submitted an affidavit indicating that he is employed but his income barely covers his expenses. Plaintiff also states he has many debts and lists no significant assets. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

**II.    Plaintiff's Complaint**

    **A.    Legal Standard**

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114

1

F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. Analysis

Plaintiff's allegations are vague, but he summarizes them as follows:

> All of the Defendants listed here played significant roles in abusing two generations of elderly and disabled Adams family, depraved heart murder of Shirley Wruck Adams, total looting and destruction of her estate and mine by Defendants (unlawful takings, theft and destruction of three essential Michigan businesses founded solely and privately owned, all intellectual properties, business properties and assets).

(ECF No. 1-1, PageID.12.) This is not the first time Plaintiff brings such a complaint. In 2020, Plaintiff filed a complaint based on similar allegations against 74 defendants. (*See* Case No. 20-11954.) That complaint was dismissed by District Judge Thomas L. Ludington, on Magistrate Judge Patricia T. Morris' recommendation, for failure to state a claim. (*Id.* at ECF Nos. 7, 8.) In 2022, Plaintiff filed another complaint bringing claims "substantially identical" to those dismissed in the 2020 case. (*See* Case No. 22-11024, ECF No. 6, PageID.43.) That complaint was also dismissed by Judge Ludington, on Magistrate Judge Morris' recommendation, for failure to state a claim. (*Id.* at ECF Nos. 6, 7.) The Sixth Circuit affirmed. (*Id.* at ECF No. 16.) Plaintiff acknowledges here that this is a case that was previously dismissed but he now names Judges Ludington and Morris as defendants in addition to many of the same previously named defendants.

Under the doctrine of res judicata, also known as claim preclusion, "a valid and final judgment on a claim precludes a second action on that claim or any part of it." *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Res judicata "applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." *Id.* at 214 (citations omitted) (emphasis in original). Here, all four elements of res judicata are present: (1) a final decision on the merits by a court of competent jurisdiction was entered in the previous cases; (2) the present action is between the same parties or their privies; (3) the issues in the present action were litigated or should have been litigated in the prior action; and (4) there is an identity of the causes of action, which arose out of the same transaction. *See Browning v. Levy*, 283 F.3d 761, 771-74 (6th Cir. 2002). Because Plaintiff's complaint is barred by the doctrine of res judicata, it lacks an arguable basis in law or in fact and is subject to dismissal as frivolous. *See Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001).

Plaintiff's complaint is also dismissed for failure to state a claim on which relief may be granted. Similar to his earlier complaints, "neither the court nor the defendants can readily identify the claims asserted." *See* Case No. 20-11954, ECF No. 7, PageID.46-47. Moreover, many of the named defendants, including Judges Ludington and Morris, are entitled to judicial immunity or are otherwise subject to dismissal. *See id.* at PageID.54 n.1; *see also Mireles v. Waco*, 502 U.S. 9, 9-13 (1991) (noting that a judge performing judicial functions is absolutely immune from a suit seeking monetary damages).

In sum, the Court dismisses Plaintiff's complaint because it is frivolous and fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B).

3

**III.    Conclusion**

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and his complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated: July 30, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 30, 2025, by electronic and/or ordinary mail.

                                          s/Marlena Williams
                                          Case Manager